Qwilian fay; dismissal; failure to exhaust administrative remedies. — Plaintiff, a former GS-4 clerk in the Security Office of the Philadelphia Naval Shipyard, was notified of a proposed removal from her position by reason of her physical inability to perform the full range of duties as outlined in her position description. Plaintiff’s grievance appeal, after an evidentiary hearing, was denied; she appealed to the Regional Office of the Civil Service Commission and, upon hearing, the agency’s decision to effect the separation was sustained ; the CSC Board of Appeals and Review affirmed the decision of the Regional Office. Plaintiff asks this court to reverse her involuntary separation, alleging, first, that her dismissal was arbitrary, capricious and unsupported by substantial evidence in that when separated she was, in fact, physically able to fully perform the duties of her job, and, second, that the regulation under which she was dismissed was unconstitutionally vague. Defendant asserts, inter alia, that in resisting dismissal, plaintiff had never challenged the validity of the regulation under which she was dismissed, i.e. 5 C.F.R. § 752.104(a), a codification of the Lloyd-LaFollette dismissal standard embodied in 5 U.8.C. §7501 (a) that an individual in the competitive service may be removed only for such cause as will promote the efficiency of the service, and that accordingly the vagueness issue cannot be raised in this court. In a recommended decision filed May 10, 1974, Trial Judge George Willi concluded that the Supreme Court’s decision in Arnett v. Kennedy, 416 U.S. 134 (1974), renders the vagueness issue moot. In recommending entry of a judgment dismissing the petition, Trial Judge Willi also points out that the record discloses not only that plaintiff did not contend at the administrative level that she was able to perform the full range of her assigned duties at the time of her *873 separation but that she affirmatively and repeatedly conceded that she was not; and accordingly concluded that this issue is foreclosed by virtue of her previous silence as well as by active contravention of her own prior position. This case came before the court on plaintiff’s request for review by the court of Trial Judge Willi’s recommended decision, having been submitted on oral argument and the briefs of counsel. Upon consideration thereof, since the court agrees with the recommended decision, the court on March 14,1975, by order, affirmed and adopted the said decision as the basis for its judgment in this case, concluded and ordered that plaintiff is not entitled to recover and dismissed the petition. Plaintiff’s motion for rehearing was denied June 13,1975.